UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RAMSAY R. GOURD, | : | CIVIL ACTION NO: 3:18-cv-00582 (JBA) |
| | : | |
| Plaintiff, | : | |
| V. | : | |
| | : | |
| INDIAN MOUNTAIN SCHOOL, INC., | : | |
| | : | MAY 14, 2019 |
| Defendant. | : | |

## ANSWER AND AFFIRMATIVE DEFENSES OF
## INDIAN MOUNTAIN SCHOOL, INC. TO FIRST AMENDED COMPLAINT

Defendant Indian Mountain School, Inc. ("IMS") hereby answers the Plaintiff's First

Amended Complaint, dated April 30, 2019 as follows:

### I.     Jurisdiction and Venue

1.     The allegations in Paragraph 1 state a legal conclusion to which no response is

required.

2.     IMS lacks sufficient information on which to form a belief as to the truth of the

allegations in Paragraph 2 and, therefore, leaves the Plaintiff to his proof.

3.     The allegations contained in Paragraph 3 are admitted.

4.     To the extent that the allegations in Paragraph 4 state a legal conclusion, no

response is required. To the extent that the allegations in Paragraph 4 purports to state a fact,

IMS lacks sufficient information on which to form a belief as to the truth of the allegation and,

therefore, leaves the Plaintiff to his proof.

5.      As to the allegations in Paragraph 5, IMS admits that its place of business is located in this District. As to the remaining allegations in Paragraph 5, IMS lacks sufficient information on which to form a belief as to their truth and, therefore, leaves the Plaintiff to his proof.

## II.    Parties

6.      The allegations in Paragraph 6 are admitted.

7.      As to the allegations contained in Paragraph 7, IMS admits that it was founded in 1922, that it is a private school, that it teaches boys and girls from pre-kindergarten through ninth grade, and that it is located in Lakeville, Connecticut. The remaining allegations contained in Paragraph 7 are denied.

## III.   First Claim for Relief (Negligence):

8.      As to the allegations in Paragraph 8, IMS admits that between 1977 and 1980, it charged more than $1,000 for tuition and board. The remaining allegations contained in Paragraph 8 are denied.

9.      As to the allegations contained in Paragraph 9, IMS admits that it assumed responsibility to take reasonable and appropriate measures to educate and to provide a safe environment for its students in return for the tuition paid on their behalf. The remaining allegations contained in Paragraph 9 are denied.

10.     As to the allegations contained in Paragraph 10, IMS admits that the health and welfare of the students was a high priority.

11.     As to the allegations contained in Paragraph 11, IMS admits that it assumed responsibility to take reasonable and appropriate measures to provide a safe environment for its students.

12.     As to the allegations contained in paragraph 12, IMS admits that it assumed responsibility to take reasonable and appropriate measures to educate and to provide a safe environment for its students. The remaining allegations contained in Paragraph 12 are denied.

13.     To the extent that the allegations contained in Paragraph 13 state a legal conclusion, no response is required. To the extent that the allegations contained in Paragraph 13 purport to state a fact, the allegation is denied.

14.     To the extent that the allegations contained in Paragraph 14 state a legal conclusion, no response is required. To the extent that the allegations contained in Paragraph 14 purport to state a fact, the allegation is denied.

15.     As to the allegations contained in Paragraph 15, IMS admits that Christopher Simonds was employed as a teacher at IMS from 1973 until June of 1985, that Simonds's employment ended after allegations of sexual abuse were asserted by the parent of a former student and, that Simonds admitted for the first time in 1997 that he had sexually abused certain students while employed at IMS. The remaining allegations contained in Paragraph 15 are denied.

16.     The allegations contained in Paragraph 16 are denied.

17.     The allegations contained in Paragraph 17 are denied.

18.     As to the allegations contained in Paragraph 18, IMS admits that during a deposition in 1997, Christopher Simonds testified that he engaged in sexual conduct with

Plaintiff on three occasions. As to the remaining allegations contained in Paragraph 18, IMS lacks sufficient information upon which to form a belief as to their truth and, therefore, leaves the Plaintiff to his proof.

19.     As to the allegations in Paragraph 19, IMS admits that Christopher Simonds was a teacher at IMS during Plaintiff's attendance, that Simonds was hired in 1973, that Simonds testified for the first time in 1997 that he sexually abused certain IMS students, and that an independent investigation on behalf of the School has established that Simonds sexually abused more than 20, perhaps more than 30, boys at IMS beginning in at least 1976 and continuing through at least 1983. As to the remaining allegations in Paragraph 19, IMS lacks sufficient information upon which to form a belief as to their truth and, therefore, leaves the Plaintiff to his proof.

20.     As to the allegations in Paragraph 20, IMS admits that Christopher Simonds testified for the first time in 1997 that he had shown pornographic photographs and films to IMS students and that he had provided them with cigarettes, alcohol, and marijuana during his employment at the school. As to the remaining allegations contained in Paragraph 20, IMS lacks sufficient information upon which to form a belief as to their truth and, therefore, leaves the Plaintiff to his proof.

21.     As to the allegations contained in Paragraph 21, IMS lacks sufficient information upon which to form a belief as to their truth and, therefore, leaves the Plaintiff to his proof.

22.     As to the allegations contained in Paragraph 22, IMS lacks sufficient information upon which to form a belief as to their truth and, therefore, leaves the Plaintiff to his proof.

23.     The allegations contained in Paragraph 23 are denied.

- 4 -

24.     The allegations contained in Paragraph 24 are admitted.

25.     The allegations contained in Paragraph 25 are denied.

26.     The allegations contained in Paragraph 26 are denied.

27.     As to the allegations contained in Paragraph 27, IMS admits that the Plaintiff was 12 years old when he completed his seventh grade year at the school. The remaining allegations contained in paragraph 26 are denied.

28.     As to the allegations in Paragraph 28, IMS admits that the Steven Carver testified under oath in litigation filed in the 1990's that he took pornography from the basement of Simonds' apartment, that he testified under oath that he took pornography from a tent that he claimed that Simonds used, that Carver necessarily lied under oath in telling inconsistent stories about the pornography that he claimed Simonds possessed, and that he described the pornography that he claimed Simonds possessed as quoted. As to the remaining allegations contained in Paragraph 27, IMS lacks sufficient information on which to form a belief as to their truth and, therefore, leaves the Plaintiff to his proof.

29.     As to the allegations in Paragraph 29, IMS admits that Steven Carver, who admitted to providing false testimony under oath, claimed under oath in litigation filed in the 1990's that Simonds possessed pornography that he described as quoted. As to the remaining allegations contained in Paragraph 29, IMS lacks sufficient information on which to form a belief as to their truth and, therefore, leaves the Plaintiff to his proof.

30.     As to the allegations contained in Paragraph 30, IMS admits that Steven Carver showed pornography to Dr. Mirable that Carver claimed to have found in circumstances in which it seemed possible that it belonged to Simonds, and that Carver showed that pornography to his

wife, Bernice Harned, in 1977, and that the pornography included images of young boys. The remaining allegations contained in paragraph 30 are denied.

31.     As to the allegations in Paragraph 31, IMS admits that Steven Carver, who admitted to providing false testimony under oath,claimed under oath in litigation filed in the 1990's that Simonds possessed pornography, that he claimed to have shown pornography possessed by Simonds to his wife, Bernice Harned, and that she described the pornography that Carver had claimed belonged to Simonds as quoted. As to the remaining allegations contained in Paragraph 31, IMS lacks sufficient information on which to form a belief as to their truth and, therefore, leaves the Plaintiff to his proof.

32.     As to the allegations in Paragraph 32, IMS admits that Steven Carver, who admitted to providing false testimony under oath, claimed under oath that Simonds possessed pornography, that he claimed to have shown pornography possessed by Simonds to his wife, Bernice Harned, and that she claimed under oath in litigation filed in the 1990's that the pornography that Carver had claimed belonged to Simonds bore a mailing label with Simonds name on it, a claim never endorsed by Carver.

33.     As to the allegations in Paragraph 33, IMS admits that Steven Carver, who admitted to providing false testimony under oath, claimed under oath that Simonds possessed pornography, that he claimed to have shown pornography possessed by Simonds to his wife, Bernice Harned, and that she claimed to have shown to Mirabile pornography that Carver had claimed belonged Simonds, and that she claimed in litigation filed in the 1990's to have made the quoted statement to Mirabile many years earlier.

- 6 -

34.     As to the allegations contained in Paragraph 34, IMS admits that students in the

print club spent time with Simonds and that Steven Carver, who admitted to providing false

testimony under oath, later described the members of the print club as "Simonds' boys." The

remaining allegations in Paragraph 34 are denied.

35.     The allegations contained in Paragraph 35 are denied.

36.     The allegations contained in Paragraph 36 are denied.

37.     As to the allegations contained in Paragraph 37, IMS admits that it had a print

club while Plaintiff attended the school, that the club's printing equipment was located in the

basement of one of the buildings on campus, and that the club met in the basement room in

which the equipment was located. The remaining allegations contained in Paragraph 37 are

denied.

38.     As to the allegations in Paragraph 38, IMS admits that Bernice Harned, then ex-

wife of Steven Carver, testified under oath in litigation filed against the school in the 1990's for

the first time as quoted, after not having previously revealed her alleged observations to others at

the school.

39.     As to the allegations in Paragraph 39, IMS admits that Steven Carver, who

admitted to providing false testimony under oath,  claimed under oath that Simonds possessed

pornography, that he claimed to have shown pornography possessed by Simonds to his wife,

Bernice Harned, and that she claimed to have shown to Mirabile pornography that Carver had

claimed belonged Simonds, and that she claimed in litigation filed in the 1990's to have made

the quoted statements to Mirabile many years earlier.

40.     The allegations contained in Paragraph 40 are denied.

- 7 -

41.     As to the allegations in Paragraph 41, IMS admits that Richard Rouse was Headmaster and an *ex-officio* member of the IMS Board of Trustees from 1972 to 1977.  IMS lacks sufficient information as to whether Richard Rouse was also a member of the Board of Trustees during 1970 or 1971 and, therefore, leaves Plaintiff to his proof.

42.     The allegations contained in Paragraph 42 are denied.

43.     The allegations contained in Paragraph 43 are denied.

44.     To the extent that the allegations contained in Paragraph 44 state a legal conclusion, no response is required. To the extent that the allegations contained in Paragraph 44 purport to state a fact, IMS lacks sufficient information on which to form a belief as to their truth and, therefore, leaves the Plaintiff to his proof.

45.     To the extent that the allegations contained in Paragraph 45 state a legal conclusion, no response is required. To the extent that the allegations contained in Paragraph 45 purport to state facts, the allegations are denied.

46.     The allegations contained in Paragraph 46 are denied.

47.     The allegations contained in Paragraph 47 are denied.

48.     As to the allegations in Paragraph 48, IMS admits that Steven Carver, who admitted to providing false testimony under oath, claimed in litigation filed in the 1990's that he had suspected from as early as 1977 that Simonds was sexually abusing students notwithstanding the fact that he never took any action on the basis of that alleged suspicion.

49.     As to the allegations contained in paragraph 49, IMS admits that Simonds occasionally was in the students' dorms after lights out, as were all faculty members who were

serving dorm duty or who lived in the dorms. The remaining allegations contained in paragraph 49 are denied.

   50.  The allegations contained in Paragraph 50 are denied.

   51.  The allegations contained in Paragraph 51 are denied.

   52.  The allegations contained in Paragraph 52 are denied.

   53.  As to the allegations in Paragraph 53, IMS admits that it had a policy of prohibiting faculty from visiting with students after lights out, and that Steven Carver, who admitted to providing false testimony under oath, claimed in litigation in the 1990's that the policy was adopted as a specific response to Simonds.  The remaining allegations contained in Paragraph 53 are denied.

   54.  The allegations contained in Paragraph 54 are denied.

   55.  The allegations contained in Paragraph 55 are denied.

   56.  As to the allegations contained in Paragraph 56, IMS admits that Steven Carver, who admitted to providing false testimony under oath,  revealed for the first time in litigation in the 1990's that he believed in the late 1970's that Simonds should not be employed by the School.

   57.  The allegations contained in Paragraph 57 are denied.

   58.  The allegations contained in Paragraph 58 are denied.

   59.  The allegations contained in Paragraph 59 are denied.

   60.  The allegations contained in Paragraph 60 are denied.

   61.  The allegations contained in Paragraph 61 are denied.

62.     As to the allegations contained in Paragraph 62, the School admits that the Board

of Trustees received a complaint in 1985 that Simonds had sexually abused a student several

years earlier, that the Executive Committee of the Board of Trustees investigated the complaint,

that members of the Board of Trustees discussed the findings of that investigation, that Peter

Carleton, Paul Levin, John Chandler, Jr., John Virden, Kathy Metz, and Jerry Clooney were

members of the Board of Trustees at that time, that the Board retained William Cuddy to provide

legal counsel, and that Simonds' employment was ended at the conclusion of that investigation.

The remaining allegations contained in Paragraph 62 are denied.

63.     The allegations contained in Paragraph 63 are denied.

64.     The allegations contained in Paragraph 64 are denied.

65.     The allegations contained in Paragraph 65 are denied.

66.     As to the allegations contained in Paragraph 66, IMS admits that Dr. Mirabile

wrote the quoted language to Peter Carleton, the School's headmaster, in a letter dated May 24,

1985, endorsing the School's decision to report to the Connecticut Department of Children and

Families the allegations of sexual abuse that had been made against Simonds. The remaining

allegations contained in Paragraph 66 are denied.

67.     The allegations contained in Paragraph 67 are denied.

68.     The allegations contained in Paragraph 68 are denied.

69.     The allegations contained in Paragraph 69 are denied.

70.     The allegations contained in Paragraph 70 are denied.

71.     The allegations contained in Paragraph 71 are denied.

72.     The allegations contained in Paragraph 72 are denied.

73.     The allegations contained in Paragraph 73 are denied.

74.     As to the allegations contained in Paragraph 74, IMS admits that the quoted language is attributable to a July 11, 1985 letter by Peter Carleton. IMS lacks sufficient information to admit or deny the remaining allegations contained in paragraph 74 and, therefore, leaves the Plaintiff to his proof.

75.     As to the allegations contained in Paragraph 75, IMS admits that it settled a claim asserted against the School by the former student who had reported in 1985 that Simonds had engaged in misconduct years earlier. The remaining allegations in Paragraph 75 are denied.

76.     The allegations contained in Paragraph 76 are denied.

77.     The allegations contained in Paragraph 77 are denied.

78.     As to the allegations in Paragraph 78, IMS admits that a police report prepared in the 1990's attributed the quoted statement to Chandler. The remaining allegations contained in Paragraph 78 are denied.

79.     As to the allegations contained in Paragraph 79, IMS admits that a police report prepared in the 1990's attributed the quoted statement to Paul Levin about intent that Levin is alleged to have claimed others possessed in 1985. The remaining allegations contained in Paragraph 79 are denied.

80.     As to the allegations contained in Paragraph 80, IMS admits that Dr. Mirabile wrote the quoted language to Peter Carleton, the School's headmaster, in a letter dated May 24, 1985, endorsing the School's decision to report to the Connecticut Department of Children and Families the allegations of sexual abuse that had been made against Simonds, and that Dr. Mirabile attributed the quoted language to an attorney that he had consulted.

81.     As to the allegations contained in Paragraph 81, IMS admits that Dr. Mirabile wrote the quoted language to Peter Carleton, the School's headmaster, in a letter dated May 24, 1985, endorsing the School's decision to report to the Connecticut Department of Children and Families the allegations of sexual abuse that had been made against Simonds. The remaining allegations contained in Paragraph 81 are denied.

82.     The allegations contained in Paragraph 82 are denied.

83.     As to the allegations in Paragraph 83, IMS admits that Christopher Simonds was never arrested, prosecuted, or convicted for abuse or neglect of IMS students. The remaining allegations contained in Paragraph 83 are denied.

84.     The allegations contained in Paragraph 84 are denied.

85.     As to the allegations contained in Paragraph 85, IMS admits that Dr. Mirabile wrote the words quoted in the paragraph but denies the allegations as having grossly misquoted the referenced letter. The remaining allegations contained in Paragraph 85 are denied.

86.     As to the allegations in Paragraph 86, IMS admits that during a deposition in 1997, Christopher Simonds testified for the first time that he had engaged in sexual conduct with the Plaintiff on three occasions while the Plaintiff was enrolled at IMS. IMS lacks sufficient information on which to form a belief as to the nature and extent of Plaintiff's claimed injuries and, therefore, leaves the Plaintiff to his proof. The remaining allegations contained in Paragraph 86 are denied.

87.     As to the allegations contained in Paragraph 87, IMS lacks sufficient information as to their truth and, therefore, leaves the Plaintiff to his proof.

88.     As to the allegations contained in Paragraph 88, IMS lacks sufficient information as to their truth and, therefore, leaves the Plaintiff to his proof.

89.     As to the allegations contained in Paragraph 89, IMS lacks sufficient information as to their truth and, therefore, leaves the Plaintiff to his proof.

90.     As to the allegations contained in Paragraph 90, IMS lacks sufficient information as to their truth and, therefore, leaves the Plaintiff to his proof.

91.     As to the allegations contained in Paragraph 91, IMS lacks sufficient information as to their truth and, therefore, leaves the Plaintiff to his proof.

92.     As to the allegations in Paragraph 92, IMS admits that during a deposition in 1997, Simonds testified for the first time that he had engaged in sexual conduct with the Plaintiff on three occasions while the Plaintiff was enrolled at IMS and that, on one occasion, the Plaintiff had engaged in sexual acts with another IMS student. As to the remaining allegations contained in Paragraph 92, IMS lacks sufficient information as to their truth and, therefore, leaves the Plaintiff to his proof.

93.     As to the allegations contained in Paragraph 93, IMS lacks sufficient information as to their truth and, therefore, leaves the Plaintiff to his proof.

94.     As to the allegations contained in Paragraph 94, IMS lacks sufficient information as to their truth and, therefore, leaves the Plaintiff to his proof.

95.     As to the allegations contained in Paragraph 95, IMS lacks sufficient information as to their truth and, therefore, leaves the Plaintiff to his proof.

96.     As to the allegations contained in Paragraph 96, IMS admits that during a deposition in 1997, Simonds testified for the first time that he had engaged in oral sex with the

Plaintiff on three occasions while the Plaintiff was enrolled at IMS. As to the remaining

allegations contained in Paragraph 96, IMS lacks sufficient information as to their truth and,

therefore, leaves the Plaintiff to his proof.

97.     As to the allegations contained in Paragraph 97, IMS lacks sufficient information

as to their truth and, therefore, leaves the Plaintiff to his proof.

98.     As to the allegations contained in Paragraph 98, IMS lacks sufficient information

as to their truth and, therefore, leaves the Plaintiff to his proof.

99.     As to the allegations in Paragraph 99, IMS admits that during a deposition in

1997, Simonds testified for the first time in litigation filed in the 1990's that he had engaged in

sexual conduct with the Plaintiff on three occasions while the Plaintiff was enrolled at IMS and

that, on one occasion, the Plaintiff had engaged in sexual acts with another IMS student. As to

the remaining allegations contained in Paragraph 99, IMS lacks sufficient information as to their

truth and, therefore, leaves the Plaintiff to his proof.

100.    As to the allegations contained in Paragraph 100, IMS lacks sufficient information

as to their truth and, therefore, leaves the Plaintiff to his proof.

101.    As to the allegations contained in Paragraph 101, IMS lacks sufficient information

as to their truth and, therefore, leaves the Plaintiff to his proof.

102.    As to the allegations contained in Paragraph 102, IMS lacks sufficient information

as to their truth and, therefore, leaves the Plaintiff to his proof.

103.    As to the allegations contained in Paragraph 103, IMS lacks sufficient information

as to their truth and, therefore, leaves the Plaintiff to his proof.

104.    As to the allegations contained in Paragraph 104, IMS lacks sufficient information as to their truth and, therefore, leaves the Plaintiff to his proof.

105.    As to the allegations contained in Paragraph 105, IMS lacks sufficient information as to their truth and, therefore, leaves the Plaintiff to his proof.

106.    As to the allegations contained in Paragraph 106, IMS lacks sufficient information as to their truth and, therefore, leaves the Plaintiff to his proof.

107.    As to the allegations contained in Paragraph 107, IMS lacks sufficient information as to their truth and, therefore, leaves the Plaintiff to his proof.

108.    As to the allegations contained in Paragraph 108, IMS lacks sufficient information as to their truth and, therefore, leaves the Plaintiff to his proof.

109.    As to the allegations contained in Paragraph 109, IMS lacks sufficient information as to their truth and, therefore, leaves the Plaintiff to his proof.

110.    As to the allegations contained in Paragraph 110, IMS lacks sufficient information as to their truth and, therefore, leaves the Plaintiff to his proof.

111.    As to the allegations contained in Paragraph 111, IMS lacks sufficient information on which to form a belief as to their truth and, therefore, leaves the Plaintiff to his proof.

112.    The allegations contained in Paragraph 112 are denied.

113.    The allegations contained in Paragraph 113 are denied.

114.    The allegations contained in Paragraph 114 are denied.

115.    The allegations contained in Paragraph 115 are denied.

116.    The allegations contained in Paragraph 116 are denied.

117.    The allegations contained in Paragraph 117 are denied.

- 15 -

118.     The allegations contained in Paragraph 118 are denied.

119.     The allegations contained in Paragraph 119 are denied.

120.     The allegations contained in Paragraph 120 are denied.

121.     As to the allegations contained in Paragraph 121 regarding the Plaintiff's alleged

damages, IMS lacks sufficient information on which to form a belief as to their truth and,

therefore, leaves the Plaintiff to his proof. The remaining allegations contained in Paragraph 121

are denied.

122.     The allegations contained in Paragraph 122 are denied.

123.     The allegations contained in Paragraph 123 are denied.

124.     As to the allegations contained in Paragraph 124, IMS lacks sufficient information

on which to form a belief as to their truth and, therefore, leaves the Plaintiff to his proof.

125.     As to the allegations contained in Paragraph 125, IMS lacks sufficient information

on which to form a belief as to their truth and, therefore, leaves the Plaintiff to his proof.

126.     As to the allegations contained in Paragraph 126, IMS lacks sufficient information

on which to form a belief as to their truth and, therefore, leaves the Plaintiff to his proof.

127.     The allegations contained in Paragraph 127 are denied.

128.     The allegations contained in Paragraph 128 are denied.

129.     As to the allegations contained in Paragraph 129, IMS lacks sufficient information

on which to form a belief as to their truth and, therefore, leaves the Plaintiff to his proof.

130.     The allegations contained in Paragraph 130 are denied.

131.    As to the allegations contained in Paragraph 131, IMS admits that it assumed responsibility to take reasonable and appropriate measures to educate and to provide a safe environment for its students.  The remaining allegations contained in Paragraph 131 are denied.

132.    To the extent the allegations in Paragraph 132 state a legal conclusion, no response is required. To the extent that the allegations contained in Paragraph 132 are denied.

133.    As to the allegations contained in Paragraph 133, IMS admits that it became aware in 1997 that Christopher Simonds had identified the Plaintiff as someone that he had sexually abused at IMS, shortly before IMS contacted the Plaintiff about Simonds' misconduct toward him. The remaining allegations contained in Paragraph 133 are denied.

134.    The allegations contained in paragraph 134 are denied.

135.    The allegations contained in Paragraph 135 are denied.

136.    The allegations contained in Paragraph 136 are denied.

137.    The allegations contained in Paragraph 137 are denied.

138.    To the extent that the allegations contained in Paragraph 138 state a legal conclusion, no response is required. To the extent that the allegations contained in Paragraph 138 purport to state facts, the allegations contained in Paragraph 138 are denied.

139.    The allegations contained in Paragraph 139 are denied.

140.    As to the allegations contained in Paragraph 140, IMS admits that in 1997, Simonds testified for the first time in litigation filed in the 1990's that he had engaged in sexual conduct with the Plaintiff on three occasions while the Plaintiff was enrolled at IMS, shortly before IMS contacted the Plaintiff regarding Simonds' misconduct. The remaining allegations contained in Paragraph 140 are denied.

- 17 -

141.    The allegations contained in Paragraph 141 are denied.

142.    The allegations contained in Paragraph 142 are denied.

143.    The allegations contained in Paragraph 143 are denied.

144.    The allegations contained in Paragraph 144 are denied.

145.    The allegations contained in Paragraph 145 are denied.

146.    The allegations contained in Paragraph 146 are admitted.

147.    The allegations contained in Paragraph 147 are denied.

148.    To the extent that the allegations contained in Paragraph 148 state a legal

conclusion, no response is required. To the extent that the allegations contained in Paragraph 148

purport to state facts, those allegations are denied.

## IV.    Second Claim for Relief (Recklessness):

1.    The responses of IMS to Paragraphs 1 through 148 are hereby incorporated as

Paragraph 1 of this Second Claim for Relief, as if fully set forth herein.

2.    The allegations contained in Paragraph 2 are denied.

3.    The allegations contained in Paragraph 3 are denied.

4.    The allegations contained in Paragraph 4 are denied.

5.    The allegations contained in Paragraph 5 are denied.

## V.    Third Claim for Relief (Negligent Infliction of Emotional Distress):

1.    The responses of IMS to Paragraphs 1 through 148 are hereby incorporated as

Paragraph 1 of this Third Claim for Relief, as if fully set forth herein.

2.    The allegations contained in Paragraph 2 are denied.

3.      The allegations contained in Paragraph 3 are denied.

4.      The allegations contained in Paragraph 4 are denied.

5.      The allegations contained in Paragraph 5 are denied.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The Plaintiff's claims are time-barred by the statute of limitations under Connecticut

General Statutes § 52-577d.

**SECOND AFFIRMATIVE DEFENSE**

The complaint fails to state a claim upon which relief may be granted against Indian

Mountain School, Inc.

**THIRD AFFIRMATIVE DEFENSE**

The Plaintiff's claimed injuries and damages, to the extent that they are proved to exist,

were caused and/or exacerbated by his failure to mitigate.

DEFENDANT,
INDIAN MOUNTAIN SCHOOL, INC.

By *Bradford S. Babbitt*
   Jeffery J. White (ct25781)
   E-mail: jwhite@rc.com
   Bradford S. Babbitt (ct13938)
   E-mail: bbabbitt@rc.com
   Kathleen E. Dion (ct28605)
   E-mail: kdion@rc.com
   Robinson & Cole LLP
   280 Trumbull Street
   Hartford, CT 06103-3597
   Tel. No.: (860) 275-8200
   Fax No.: (860) 275-8299

## CERTIFICATE OF SERVICE

I hereby certify that on this date, May 14, 2019, a copy of the foregoing was filed electronically.  Notice of this filing will be sent via e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Bradford S. Babbitt*
Bradford S. Babbitt